## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DANIEL B. WATERS    )
           ) **02C 4762**
    **Plaintiff**   ) No.
           )
    **v.**     ) **Jury Demanded**
           )
CITY OF CHICAGO;   )
DEPUTY COMMISSIONER OF )
BUREAU of BRIDGES and TRANSIT, ) **JUDGE SHADUR**
STANLEY KADERBACK, in his )
Individual and official capacity; ) MAGISTRATE JUDGE NOLAN
GENERAL FOREMAN of BUREAU of )
BRIDGES MARC FORNICIARI, in his )
individual capacity and official ) **DOCKETED**
capacity; GENERAL FOREMAN of ) **JUL 0 3 2002**
PAINTERS at TRANSPORTATION )
DIVISION OF SIGNS AND MARKING )
ANDREAS THEODORATOS in his )
individual and official capacity; )
ANTHONY TRIPOLI, Acting Foreman, )
in his individual and official capacity. )
           )
    **Defendants.**  )

## COMPLAINT

The plaintiff, DANIEL B. WATERS, filing Pro Se, complains against the

defendant, the CITY OF CHICAGO as follows:

1.  This is an action for declaratory and injunctive relief and for

damage against the defendant to redress the deprivation of the plaintiff's civil

rights secured to the plaintiff civil rights 42 U.S.C. § 1983 ("Section 1983") and for

pendent state relief.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 2201, 2202 and 42 U.S.C. § 1983.

3.      Venue is proper under 28 U.S.C. §1391 because the acts complained of by the plaintiff occurred within this judicial district and because the defendants reside in this district and the events giving rise to these causory actions took place here.

## BACKGROUND FACTS

4.      The plaintiff, Daniel Waters is a resident of Chicago, Illinois.

5.      Daniel Waters is forty-seven (47) years old.

6.      The defendant, City of Chicago's Department of Transportation is a department of the City of Chicago, a municipal corporation under the laws of Illinois.   Each of the named individual defendants work for the City of Chicago and reside in this judicial district.

7.      In May of 1991, the plaintiff was one of seven painters who were dismissed from their jobs at O'Hare Airport.

8.      Plaintiff alleged that his dismissal was in retaliation for speaking to the press about his political views.

9.      On July 11, 1994, the plaintiff, Dan Waters, was reinstated as a painter for the City of Chicago as part of a settlement agreement between the seven painters and the City of Chicago.

10.      Thereafter, the plaintiff was transferred to and worked for the

Department of Transportation.

11.    Dan Waters continued to practice his right of free speech.

12.    The plaintiff frequently exercised his right to free speech by openly criticizing the Mayor of the City of Chicago and his administration both verbally and through written materials that were distributed through out the department.

13.    Additionally, plaintiff contacted news reporters at both television stations and newspapers to report his opinions on political and work activities of the City of Chicago.

14.    Because of this, the plaintiff suffered retaliation through unfounded disciplinary charges, denial of rightful overtime and termination.

**COUNT I**
**VIOLATION OF 42 U.S.C. §1983**
**FIRST AMENDMENT RETALIATION**
**(Against City of Chicago)**

15.    The Plaintiff adopts and incorporates by reference paragraphs 1-14 of this complaint.

16.    the City of Chicago, acting through its managers, supervisors and other employees, have control over the employment of the Plaintiff.

17.    The City of Chicago delegated power and authority to individuals within the Department of Transportation.

18.    The Plaintiff has a constitutionally protected right to freedom of speech and freedom of association under laws as guaranteed through the Fourteenth Amendment of the United States Constitution and made enforceable through 42 U.S.C. §1983.

19.     The Defendant, City of Chicago, intentionally and willfully violated the Plaintiff's constitutional rights of freedom of speech and freedom of association in violation of 42 U.S.C. §1983 by:

a.  Giving the Plaintiff less desirable work assignments in retaliation for his exercise of free speech and free association;

b.  Making the Plaintiff's job more difficult in retaliation for his exercise of free speech and free association;

c.  Terminating the Plaintiff's employment in retaliation for his exercise of his rights of free speech and free association;

d.  By disciplining the Plaintiff in retaliation for his exercise of his rights of free speech and free association;

e.  By disciplining the Plaintiff because he exercised his rights of free speech and free association when others who did not exercise such rights were treated differently under similar circumstances.

f.  By fabricating and creating charges and allegations against the Plaintiff in retaliation for the Plaintiff's exercise of his rights of free speech and free association.

g.  By denying the plaintiff overtime.

20.     The Defendant, City of Chicago, acting through its agents intentionally and willfully violated the Plaintiff's constitutional rights of freedom of speech and freedom of association in violation of 42 U.S.C. §1983.  The actions of the City of Chicago and its agents were a proximate cause of the Plaintiff's

constitutional injuries.

WHEREFORE, the plaintiff prays that this Honorable Court:

a. Enter a judgment in the plaintiff's favor and against the defendant for his violations of 42 U.S.C. § 1983;

b. Award the plaintiff actual damages suffered, including lost wages and damages;

c. Award the plaintiff compensatory damages under § 1983 to compensate the plaintiff for the embarrassment, anxiety, humiliation and emotional distress he has suffered;

d. Enter a judgment in the plaintiff's favor and against the defendant for his violations of 42 U.S.C. §1983;

e. Award the plaintiff actual damages suffered, including lost wages and damages;

f. Award the plaintiff compensatory damages under §1983 to compensate the plaintiff for the embarrassment, anxiety, humiliation and emotional distress he has suffered;

g. Award the plaintiff prejudgment interest on his damages award;

h. Award the plaintiff his reasonable costs and attorney fees; and

i. Grant the plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II
## VIOLATION OF 42 U.S.C. §1983
## FIRST AMENDMENT RETALIATION
### (Against Stanley Kaderback in his Individual and Official Capacity)

21.     The Plaintiff adopts and incorporates by reference paragraphs 1-20 of this complaint.

22.     The position of Stanley Kaderback is a supervisory and/or managerial position in the administrative hierarchy of the Department of Transportation of the City of Chicago.

23. Defendant Kaderback supervised and managed the general foreman who, in turn, supervised and managed plaintiff and controlled the terms and conditions of his employment.

24. Defendant Kaderbach was a decision maker who acted under the color of state law with respect to the first amendment retaliation and decisions affecting the plaintiff's conditions of employment.

25. The plaintiff has a constitutionally protected right to freedom of speech under the laws as guaranteed through the Fourteenth Amendment of the United States Constitution and made enforceable through §1983.

26. Defendant Kaderbach, intentionally and willfully violated plaintiff's constitutional right to free speech under the law in violation of §1983 in the following ways:

a. Giving the Plaintiff less desirable work assignments in retaliation for his exercise of free speech and free association;

b. Making the Plaintiff's job more difficult in retaliation for his exercise of free speech and free association

c. Terminating the Plaintiff's employment in retaliation for his exercise of his rights of free speech and free association;

d. By disciplining the Plaintiff in retaliation for his exercise of his rights of free speech and free association;

e. By disciplining the Plaintiff because he exercised his rights of free speech and free association when others who did not exercise such rights were treated differently under similar

circumstances.

f. By fabricating and creating charges and allegations against the Plaintiff in retaliation for the Plaintiff's exercise of his rights of free speech and free association.

g. By denying the plaintiff overtime.

27. Kaderbach continually denied plaintiff overtime that he was entitled to.

28. Kaderbach would see to it that plaintiff was continually assigned to foreman that were know to be difficult to work for.

29. Kaderbach, acting under the color of state law, intentionally, purposefully and willfully caused the deprivations of the plaintiff's constitutional rights.

30. Kaderbach was personally involved in the violations of which the plaintiff complains.

31. Kaderbach's actions and conduct were a proximate cause of the plaintiff's constitutional injuries.

WHEREFORE, the plaintiff prays that this Honorable Court:

a. Enter a judgment in the plaintiff's favor and against the defendant for his violations of 42 U.S.C. § 1983;

b. Award the plaintiff actual damages suffered, including lost wages and damages;

c. Award the plaintiff compensatory damages under § 1983 to compensate the plaintiff for the embarrassment, anxiety, humiliation and emotional distress he has suffered;

d. Enter a judgment in the plaintiff's favor and against the defendant for his violations of 42 U.S.C. § 1983;

e.  Award the plaintiff actual damages suffered, including lost wages and damages;

f.  Award the plaintiff compensatory damages under § 1983 to compensate the plaintiff for the embarrassment, anxiety, humiliation and emotional distress he has suffered;

g.  Award the plaintiff punitive damages for Kaderbach's willful and wanton conduct and his reckless disregard for the plaintiff's constitutional rights;

h.  Award the plaintiff prejudgment interest on his damages award;

i.  Award the plaintiff his reasonable costs and attorney fees; and

j.  Grant the plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983
## FIRST AMENDMENT RETALIATION
### (Against Andreas Theodoratos in his Individual and Official Capacity)

32.  The Plaintiff adopts and incorporates by reference paragraphs 1-31 of this complaint.

33.  The position of Andreas Theodoratos is a supervisory and/or managerial position in the administrative hierarchy of the Department of Transportation of the City of Chicago.

34.  Defendant Theodoratos, as a General Foreman, supervised and managed the painters at the Department of Transportation, Division of Signs and Street Marking and controlled the terms and conditions of their employment.

35.  Defendant Theodoratos was a decision maker who acted under the color of state law with respect to the first amendment retaliation and decisions

affecting the plaintiff's conditions of employment.

36.     The plaintiff has a constitutionally protected right to freedom of speech under the laws as guaranteed through the Fourteenth Amendment of the United States Constitution and made enforceable through §1983.

37.     Defendant Theodoratos, intentionally and willfully violated plaintiff's constitutional right to free speech under the law in violation of §1983 in the following ways:

a. Terminating the Plaintiff's employment in retaliation for his exercise of his rights of free speech and free association;

b. By disciplining the Plaintiff in retaliation for his exercise of his rights of free speech and free association;

c. By disciplining the Plaintiff because he exercised his rights of free speech and free association when others who did not exercise such rights were treated differently under similar circumstances.

d. By disciplining the Plaintiff in retaliation for his exercise of his rights of free speech and free association;

e. By disciplining the Plaintiff because he exercised his rights of free speech and free association when others who did not exercise such rights were treated differently under similar circumstances.

f. By fabricating and creating charges and allegations against the Plaintiff in retaliation for the Plaintiff's exercise of his rights of

free speech and free association.

g. By denying the Plaintiff overtime.

38.     Theodoratos continually denied plaintiff overtime that he was entitled to.

39.     Theodoratos would see to it that plaintiff was continually assigned to foreman that were know to be difficult to work for.

40.     Theodoratos, acting under the color of state law, intentionally, purposefully and willfully caused the deprivations of the plaintiff's constitutional rights.

41.     Theodoratos was personally involved in the violations of which the plaintiff complains.

42.     Thoedoratos' actions and conduct were a proximate cause of the plaintiff's constitutional injuries.

WHEREFORE, the plaintiff prays that this Honorable Court:

  a. Enter a judgment in the plaintiff's favor and against the defendant for his violations of 42 U.S.C. § 1983;

  b. Award the plaintiff actual damages suffered, including lost wages and damages;

  c. Award the plaintiff compensatory damages under § 1983 to compensate the plaintiff for the embarrassment, anxiety, humiliation and emotional distress he has suffered;

  d. Award the plaintiff punitive damages for Theodoratos' willful and wanton conduct and his reckless disregard for the plaintiff's constitutional rights;

  e. Award the plaintiff prejudgment interest on his damages award;

  f. Award the plaintiff his reasonable costs and attorney fees; and

g. Grant the plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV
## VIOLATION OF 42 U.S.C. §1983
## FIRST AMENDMENT RETALIATION
### (Against Marc Forniciari in his Individual and Official Capacity)

43.     The Plaintiff adopts and incorporates by reference paragraphs 1-42 of this complaint.

44.     The position of Marc Forniciari is a supervisory and/or managerial position in the administrative hierarchy of the Department of Transportation of the City of Chicago.

45.     Defendant Forniciari, as the General Foreman of the Bureau of Bridges, supervised and managed the painters at the Department of Transportation and controlled the terms and conditions of their employment.

46.     Defendant Forniciari was a decision maker who acted under the color of state law with respect to the first amendment retaliation and decisions affecting the plaintiff's conditions of employment.

47.     Plaintiff has a constitutionally protected right to freedom of speech under the laws as guaranteed through the Fourteenth Amendment of the United States Constitution and made enforceable through §1983.

48.     Defendant Forniciani, intentionally and willfully violated plaintiff's constitutional right to free speech under the law in violation of §1983 in the following ways:

a.  Terminating the Plaintiff's employment in retaliation for his

11

exercise of his rights of free speech and free association;

b. By disciplining the Plaintiff in retaliation for his exercise of his rights of free speech and free association;

c. By disciplining the Plaintiff because he exercised his rights of free speech and free association when others who did not exercise such rights were treated differently under similar circumstances.

d. By disciplining the Plaintiff in retaliation for his exercise of his rights of free speech and free association;

e. By disciplining the Plaintiff because he exercised his rights of free speech and free association when others who did not exercise such rights were treated differently under similar circumstances.

f. By fabricating and creating charges and allegations against the Plaintiff in retaliation for the Plaintiff's exercise of his rights of free speech and free association.

g. By denying the plaintiff overtime.

49. Forniciari continually denied plaintiff overtime that he was entitled to.

50. Forniciari would see to it that plaintiff was continually assigned to foreman that were know to be difficult to work for.

51. Forniciari, acting under the color of state law, intentionally, purposefully and willfully caused the deprivations of the plaintiff's constitutional

rights.

52. Forniciari was personally involved in the violations of which the plaintiff complains.

53. Forniciari's actions and conduct were a proximate cause of the plaintiff's constitutional injuries.

WHEREFORE, the plaintiff prays that this Honorable Court:

   a. Enter a judgment in the plaintiff's favor and against the defendant for his violations of 42 U.S.C. § 1983;

   b. Award the plaintiff actual damages suffered, including lost wages and damages;

   c. Award the plaintiff compensatory damages under § 1983 to compensate the plaintiff for the embarrassment, anxiety, humiliation and emotional distress he has suffered;

   d. Award the plaintiff punitive damages for Forniciari's willful and wanton conduct and his reckless disregard for the plaintiff's constitutional rights;

   e. Award the plaintiff prejudgment interest on his damages award;

   f. Award the plaintiff his reasonable costs and attorney fees; and

   g. Grant the plaintiff such other and further relief as this Court deems equitable and just.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

54. The plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 53 of this Complaint.

55. The defendants, by and through their officers and employees,

including Stanley Kaderbach, Andreas Theodoratos and Marc Forniciari, intended to cause severe emotional distress to the plaintiff.

56.     The defendants intended to cause severe emotional distress to the plaintiff as evidenced by their conduct more fully described above.

57.     The defendants' conduct was extreme, outrageous, and beyond the bounds of moral decency.

58.     The defendants' conduct was so outrageous that no reasonable person could be expected to endure it.

59.     As a result of the defendants' extreme and outrageous conduct, the plaintiff suffered severe emotional distress, mental anguish, anxiety and humiliation, and other forms of personal injuries.

WHEREFORE, the plaintiff requests that this Court award damages in an amount sufficient to compensate the plaintiff for the damages he suffered together with punitive damages and the costs of this action.

## COUNT VI
### VIOLATION OF 42 U.S.C.§1983 FIRST AMENDMENT RETALIATION
### (Against Defendant Tripoli in his individual and official capacity)

60.     The plaintiff adopts, realleges and incorporates by reference the allegations of paragraphs 1-59 of the Complaint.

61.     Anthony Tripoli was Acting Foreman and had administrative, managerial and supervisory responsibilities in that position within the hierarchy of the Department of Transportation of the City of Chicago.

62.     As Acting Foreman, defendant Tripoli supervised and managed painters at the Department of Transportation and controlled the terms and conditions of their employment, including those of the plaintiff.

63.     Defendant Tripoli was a decision maker who acted under the color of state law with respect to the First Amendment retaliation and decisions affecting plaintiff's condition of employment.

64.     Plaintiff has a constitutionally protected right to freedom of speech under the laws as guaranteed through the Fourteenth Amendment of the United States Constitution made enforceable through §1983.

65.     Defendant Tripoli intentionally and willfully violated plaintiff's constitutional right to free speech under the law in violation of §1983 in the following ways:

    a.  Terminating the Plaintiff's employment in retaliation for his exercise of his rights of free speech and free association;

    b.  By disciplining the Plaintiff in retaliation for his exercise of his rights of free speech and free association;

    c.  By disciplining the Plaintiff because he exercised his rights of free speech and free association when others who did not exercise such rights were treated differently under similar circumstances.

    d.  By disciplining the Plaintiff in retaliation for his exercise of his rights of free speech and free association;

    e.  By disciplining the Plaintiff because he exercised his rights of

free speech and free association when others who did not exercise such rights were treated differently under similar circumstances.

f.  By fabricating and creating charges and allegations against the Plaintiff in retaliation for the Plaintiff's exercise of his rights of free speech and free association.

g.  By denying the plaintiff overtime.

66.    Defendant Tripoli acting under the color of state law intentionally, purposefully and willfully caused the deprivation of the plaintiff's constitutional right.

67.    Triipoli was purposely involved in the violations of which plaintiff complains.

68.    Tripoli's actions and conduct were a proximate cause of plaintiff's constitutional injuries.

WHEREFORE, the plaintiff prays that this Honorable Court:

a.  Enter a judgment in the plaintiff's favor and against the defendant for his violations of 42 U.S.C. § 1983;

b.  Award the plaintiff actual damages suffered, including lost wages and damages;

c.  Award the plaintiff compensatory damages under § 1983 to compensate the plaintiff for the embarrassment, anxiety, humiliation and emotional distress he has suffered;

d.  Award the plaintiff punitive damages for Tripoli's willful and wanton conduct and his reckless disregard for the plaintiff's constitutional rights;

e.  Award the plaintiff prejudgment interest on his damages award;

f.  Award the plaintiff his reasonable costs and attorney fees; and

g.  Grant the plaintiff such other and further relief as this Court deems equitable and just.

**COUNT VII**
**INDEMNIFICATION UNDER SECTION 9-102**
**(Against the City of Chicago)**

69.  The plaintiff adopts, realleges and incorporates by reference the allegations of paragraphs 1-68 of the Complaint.

70.  The City of Chicago is obligated under 745 ILCS 10/9-102 to indemnify the individual defendants for their conduct in this case.

71.  All of the acts, errors and omissions alleged against the individual defendants were committed by them during the course and scope of their employment with the City of Chicago.

WHEREFORE, for the foregoing reasons, the defendant City of Chicago, should be found liable to the plaintiff for all sums and for all relief awarded to the plaintiff against the individual defendant.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,

By:  _Daniel B. Waters_

Daniel B. Waters, Pro Se

Daniel B. Waters
1912 West Hood
Unit 3A
Chicago, Illinois 60660
(773) 465-1689

17

Civil Cover Sheet



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): Daniel B. Waters**

County of Residence:

Plaintiff's Atty:   Daniel Waters
Pro Se - Plaintiff
1912 W. Hood, Unit 3A, Chicago,
Illinois 60660
773-465-1689

**Defendant(s): City of Chicago, et al.**

County of Residence:

Defendant's Atty:

**02C 4762**

**JUDGE SHADUR**

---

II. Basis of Jurisdiction:    **3. Federal Question (U.S. not a party)**    MAGISTRATE JUDGE KEYS

DOCKETED
JUL 0 3 2002

III. Citizenship of Principal Parties
(Diversity Cases Only)

Plaintiff:- **N/A**
Defendant:- **N/A**

FILED-EDS
JUL - 3 PM 12: 16
CLERK
DISTRICT COURT

IV. Origin :    **1. Original Proceeding**

V. Nature of Suit:    **442 Employment**

VI. Cause of Action:    **This is an action for declatory and injunctive relief and for damages against the defendant to redress the deprivation of the plaintiff's civil rights secured to the plaintiff under civil rights 42 U.S.C. 1983 ("Section 1983") and for pendent state relief.**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand: **Damages**
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

Signature: _Daniel B. Waters_

Date: 7/3/02

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

Daniel B. Waters

v.

City of Chicago, et al.

Case Number:

**02C 4762**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Pro Se - Plaintiff

JUDGE SHADUR

MAGISTRATE JUDGE NOLAN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| *Daniel B. Waters* | JUL 0 3 2002 |
| NAME | NAME |
| Daniel Waters - Pro Se Plaintiff | |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| 1912 W. Hood, Unit 3A | |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| Chicago, Illinois 60660 | |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| (773) 465-1689 | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☑ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☑ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

1-3