IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL B. WATERS,                    )
                                     )
                Plaintiff,           )
                                     )
       v.                            )    No.  02 C 4762
                                     )
CITY OF CHICAGO,                     )
                                     )
                Defendant.           )

MEMORANDUM ORDER

During the pretrial conference that this Court (pursuant to its regular practice) held with counsel for the parties following their joint submission of a proposed Final Pretrial Order ("FPTO"), a portion of the discussion related to narrowing the issues that had been identified by each side in Section (m) of the FPTO as potential motions in limine. Because agreement was reached at that time as to a number of the potential issues that the parties had identified, only three motions by defendant City of Chicago ("City") remain for consideration.

Following entry of the FPTO, the parties have complied with the schedule this Court had then set for submissions regarding those three matters. At this point all three of City's motions are ripe for decision.

First, City seeks to bar testimony by Michael Clatch ("Clatch") about statements assertedly made to him by Anthony Tripoli ("Tripoli") as to the asserted desire to get rid of Waters at some point about a year before he was actually fired

(Waters had been placed on paid administrative leave before the firing). For purposes of the motion this Court accepts City's contentions that acting foreman Tripoli, although then acting in a supervisory capacity, was a comparatively low-level employee who played no part in the decision to fire Waters. Clatch was also an acting foreman at the time.

Because Clatch's proposed testimony as to Tripoli's asserted statements is offered for its truth, it would obviously be inadmissible as hearsay if it did not qualify as nonhearsay under Fed. R. Evid. ("Rule") 801(d)(2)(D). But the problem with City's position is that the level of Tripoli's employment does not trump the facts--to summarize the Rule 801(d)(2)(D) standards--that Tripoli was City's employee, that the statements ascribed to him were made during the existence of that employment relationship and that they concerned a matter within the scope of his employment. And a factfinding jury could reasonably infer that management's then-existing mindset toward Waters was relevant, even though the firing decision took place later and was implemented by someone other than the persons who assertedly communicated that mindset to Tripoli. Unlike the situations in the cases relied on by City, Tripoli was not conveying his own obviously inadmissible opinion, but rather that of upper management. In sum, City's motion to exclude the Clatch testimony is denied.

Next among the motions in limine advanced by City was its effort to exclude certain testimony by Peter Vrdolyak. Although Waters' counsel has filed a brief and exhibits in opposition to that motion, it has been rendered moot by City's attached September 28, 2005 letter withdrawing that motion in limine, while "reserv[ing] the right to object to this testimony at trial." That obviates the need for any current ruling by this Court (as to City's claimed reservation of rights, see the Conclusion section).

Finally, City has moved to exclude evidence as to Waters' earlier lawsuit against it--a lawsuit that ended with a 1994 settlement agreement. Although Waters' response says that he "does not seek to submit the settlement agreement itself into evidence in this case," he tries to argue that his later rehiring in the Department of Transportation pursuant to that settlement agreement is "relevant evidence" in describing his history with City. Because Waters' explanation can be tested effectively only in the context of his testimony at trial, this Court grants City's motion without prejudice to an examination of the specifics of Waters' proposed testimony in the course of the trial.

## Conclusion

For the reasons stated in this memorandum order, City's motion to exclude a portion of the Michael Clatch testimony is

3

denied, its motion to exclude certain testimony of Peter Vrdolyak has been withdrawn and is accordingly denied as moot, and its motion to exclude evidence of Waters' earlier lawsuit against it is granted on the basis stated in the preceding paragraph. As for the second of those motions, City has stated that it "reserves the right to object to this testimony at trial"--but in that respect this Court has already advised counsel that if and to the extent that any objections at trial prove to be disruptive and unduly impede the trial's progress (thus subverting the basic purpose that motions in limine are designed to serve), this Court will take that into consideration in dealing with the then-asserted objections.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date:   October 11, 2005



City of Chicago
Richard M. Daley, Mayor

Department of Law

Mara S. Georges
Corporation Counsel

Suite 1020
30 North LaSalle Street
Chicago, Illinois 60602
(312) 744-5100
(312) 744-3989 (FAX)
(312) 744-5131 (TTY)

http://www.ci.chi.il.us

September 28, 2005

Honorable Milton I. Shadur
United States District Judge
219 S. Dearborn, Ste. 2388

RE: Waters v. City of Chicago, 02 C 4762

Dear Judge Shadur:

Please find attached courtesy copies of the City of Chicago's motions in limine. The City of Chicago withdraws its motion in limine regarding the testimony of Peter Vrdolyk. The City of Chicago reserves the right to object to this testimony at trial.

If you have any questions or would like to discuss this matter you may contact me at 312-744-7472.

Sincerely,

TORRICK WARD
Senior Counsel

Cc: Daniel O'Brien
Burke and O'Brien
33 North LaSalle Street, 20th Floor


