IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Daniel Waters,                )
                              )
        Plaintiff,            )
                              )
    v.                        )    No. 02 C 4762
                              )
City of Chicago,              )
                              )
        Defendant.

MEMORANDUM OPINION AND ORDER

Among the numerous issues on which the litigants have crossed swords, the most recent has to do with the appropriate application of Fed.R.Civ.P. ("Rule") 26(b)(4)(C), which requires a party--in this case the City of Chicago ("City")--to "pay the expert a reasonable fee for time spent in responding to discovery." When City chose to take the deposition of Gary Skoog ("Skoog"), the opinion witness who was retained by Daniel Waters ("Waters") to provide testimony as to his claimed damages, Skoog itemized his expenditure of 12.87 hours as his "time spent in responding to discovery"--and at $290 per hour[1] that amounts to a total fee of approximately $3,731. As City would have it, however, Skoog is not entitled to be paid for his preparation time and travel time--only for 4.32 hours attributable to the deposition time itself, for a total fee of $1,252.80.

---

[1] Because City does not quarrel with Skoog's $290 hourly rate, this memorandum opinion and order will address only the time-related dispute.

There are mixed judicial rulings on this subject--see the discussions in 8 Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2034 at 471 (2d ed. 1994) [hereafter cited "Wright & Miller"]and 6 Moore's Federal Practice § 26.80 [3] at 26-236.11 to 26-236.13 (3d ed. 2007). Although City says that only one reported opinion by one of this Court's colleagues--the thoughtful treatment by Honorable Matthew Kennelly in Collins v. Village of Woodridge, 197 F.R.D. 354 (N.D. Ill. 1999)--supports Waters' position, the citations in Wright & Miller to and including its 2007 pocket part reflect that the majority view in cases decided around the country is that preparation time of the sort challenged by City is compensable. This Court comes down on the same side of the issue, in substantial part for a reason that City's counsel has failed to grasp.

This Court frequently reminds counsel in cases before it that an important consequence of the Rule 26(a)(2)(B) and (C) requirement of a comprehensive report from every opinion witness who is expected to testify is that the witness' trial testimony is circumscribed by that report. Indeed, the Advisory Committee Note to the 1993 amendments that introduced the present form of that requirement, coupled with creating the potential for deposing such persons, expressly states:

> Concerns regarding the expense of such depositions should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition. The requirement under subdivision(a)(2)(B) of a

> complete and detailed report of the expected testimony of
> certain forensic experts may, moreover, eliminate the need
> for some such depositions or at least reduce the length of
> the depositions.

6 Wright & Miller § 2034 at 468 echos that expectation:

> If, as is hoped, these disclosures serve to avoid the need
> for some experts' depositions, or at least to shorten the
> depositions, that may mean that there will be fewer
> occasions for payment of expert fees pursuant to Rule 26
> (b)(4)(C).

It is for just that reason that this Court often calls the attention of lawyers to the excellent article by Gregory Joseph, <u>Expert Approaches</u>, 28 Litig. No. 4 at 20-22 (2002), which makes the powerful argument that the knowledgeable lawyer, comfortable with the realization that the expert is locked into the required report, will not lightly take the risk of opening the door to the opinion witness' curing of some flaws or gaps in the report through answers that may be invited by the deposition questions. Ironically, it appears that something very much along those lines occurred here, as Skoog testified during his Dep. 16-17:

> I did an extensive amount of preparation for this deposition
> today in the sense of looking at the details and the
> calculations and I also read the entire pension plan book
> that we discussed earlier before the deposition started, and
> I noted something that either escaped my attention or blew
> my mind, depending on how you look at it.  I've never seen
> this before in anybody else's pension plan. It is that if
> the pensioner dies and the pensioner's spouse then takes
> over the pension at 50 percent that she does not get the 3
> percent cost of living increases which the spouse was
> getting, and this is very much unlike Social Security and
> its very much unlike other pension plans that I've seen, so
> if I take that into account, the calculations on the
> spouse's side get more sophisticated.

On that score it is unclear whether, if Skoog's deposition had not been taken and if he had thereafter engaged in an extensive review (noncompensable under Rule 26(b)(4)) in preparing for his testimony shortly before trial, he would have made the same discovery[2] or, if not, whether City's counsel would even have caught the error.

This Court does not at all agree with the view of another of its respected colleagues, Honorable Charles Norgle, that an opinion witness' "deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation" (Rhee v. Witco Chem. Corp. 126 F.R.D. 45, 47 (N.D. Ill. 1989)). Instead the literal language of Rule 26(b)(4)(C), as interpreted and applied by the cases that reflect the prevailing view, is that a party that exercises its free choice to depose such a witness has created a need for that witness to prepare twice--once for the deposition and then again for his or her trial testimony--so that no unfairness is involved in that majority view. It may be an overstatement to characterize what City complains of as a self-inflicted wound--but not by much.

In sum, just as is true with awards of attorney's fees that take an opportunities-cost approach to the subject, all but a

---

[2]If that had been the case, any change in Skoog's calculations based on that discovery would of course have had to be disclosed to City's counsel in advance of trial (see Rules 26(a)(2)(C), 26(a)(3) and 26(e)(1)).

4

minor portion of the time reflected by Skoog's itemization is compensable.  This Court eliminates from Skoog's claim only the one hour that his time records show he spent in telephone conversations with Waters' counsel before the deposition.  Hence City is ordered to pay Skoog the sum of $3,441.

_____
　　　　Milton I. Shadur
　　　　Senior United States District Judge

Dated:　　December 28, 2007