```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

DANIEL B. WATERS,               )
                                )
                Plaintiff,      )
                                )
     v.                         )    No.  02 C 4762
                                )
CITY OF CHICAGO,                )
                                )
                Defendant.      )
```

## MEMORANDUM OPINION AND ORDER

After scoring a resounding victory in the difficult and hotly-contested lawsuit brought by client Daniel Waters ("Waters") against his ex-employer City of Chicago ("City"), attorney Daniel O'Brien ("O'Brien") has filed a fee petition amounting to almost $195,000 (including just under $10,000 in out-of-pocket expenses)--less than 15% of Waters' recovery of some $1.325 million.  In response, counsel for City has challenged not the number of hours expended by O'Brien, but rather his entitlement to apply a $300 hourly rate to those hours to produce the lodestar figure that O'Brien used as a basis for his claim (without any enhancement for obtaining a smashing success in what had to be recognized from its very outset as an extremely difficult case to win).

As City would have it, because O'Brien is just a good lawyer--a very good trial lawyer--who lacks prior experience in the field of employment discrimination, the claimed hourly rate is excessive and should be approved at only two-thirds of what

O'Brien seeks (that is, at $200 per hour). When City's counsel moved last week (successfully and with no objection from O'Brien) for a stay of enforcement of the underlying judgment pending resolution of City's appeal--a motion presented on the due date for City's response on the fee issue, filed later that day--this Court queried City's counsel as to the predicate for City's objection to the fee request. City's counsel acknowledged that the objection boiled down to an assertion that a lawyer experienced in the area of employment discrimination law, with an acceptable hourly market rate at least equal to or substantially greater than the $300 figure, could have done the job more efficiently and thus with the expenditure of fewer hours.

But that ipse dixit is totally devoid of any support other than sheer speculation. This litigation did not particularly call for special expertise in any arcane aspects of the law of employment discrimination--just good lawyering generally, including good trial skills. O'Brien exhibited those qualities in abundance during the course of a lawsuit that this Court observed closely throughout its extended life. City's counsel has provided nothing in the way of evidence of any inefficiencies or wasted efforts--for example, no opinion evidence from anyone skilled in the field asserting that less time would have had to be expended by someone coming into the litigation armed with prior employment law experience, nor even a statement of the time

expended by defense counsel.[1]

Moreover, what City has ignored entirely in its niggardly approach to the matter is the host of cases cited in O'Brien's submission in which the approved fee awards were far greater in relation to the results obtained than O'Brien's petition reflects--indeed, often the lawyers have received far more than the clients (see, e.g., cases against City itself that O'Brien has cited: O'Sullivan v. City of Chicago, 484 F.Supp.2d 829 (N.D. Ill. 2007) and Garcia v. City of Chicago, No. 01 C 8945, 2003 WL 22175618 (N.D. Ill. Sept. 19)). It must not be forgotten that the lodestar figure is not at all the be-all and end-all measure for determining the reasonableness of fees--to the contrary, the seminal decision in Hensley v. Eckerhart, 461 U.S. 424, 436 (1983) teaches a lesson applied in countless cases in the quarter century since Hensley was decided:

> Again, the most critical factor is the degree of success obtained.

In sum, O'Brien--a lawyer with nearly two decades of experience under his belt in trying cases on a contingent-fee basis--could well have urged as a reasonable fee an amount well over the 15% of Waters' recovery represented by a lodestar

---

[1] That latter figure, dealing with the defense against Waters' claim, would not of course be a match for what was required to prepare for and pursue the claim on Waters' part, but it might be somewhat informative as to the reasonableness of O'Brien's time expenditure. That possibility, however, is moot in light of City's wholly uninformative approach to the issue.

3

approach. But he did not do so, and City should scarcely cavil at the reasonableness of the claim he chose to advance. This Court approves O'Brien's claim--$185,130 in fees and $9,852.65 in out-of-pocket expenses[2]--in its entirety.

>                                        _____
>                                        Milton I. Shadur
>                                        Senior United States District Judge

Date: June 3, 2008

---

[2] City interposes no objection to the latter figure.