IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL B. WATERS,                )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    No.  02 C 4762
                                 )
CITY OF CHICAGO,                 )
                                 )
            Defendant.           )

## MEMORANDUM ORDER

This Court is in receipt of the carefully detailed Bill of Costs submitted by the City of Chicago, seeking an award of $12,316.57.  Although no response has been received from plaintiff Daniel Waters' counsel, this Court has an independent responsibility to confirm the appropriateness of the request.

In that regard this Court has noted a need for inquiry as to two of the three categories of costs included in the request:

   1.  As to the largest single item, covering the court reporter's fees, a few entries reflect a premium charge for expedited deposition transcripts.  There are also some extra charges for "condensed transcripts," and one deposition lists charges for a video recording and DVD conversion.  Are those added items recoverable?

   2.  Under the category of "fees for exemplification and copies of papers necessarily obtained for use in the case," City's counsel has cited to a few District Court opinions (including one by this Court) as to the allowable per-page

rate.  But to this Court's knowledge our Court of Appeals calls for a different calculation--see, e.g., <u>Martin v. United States</u>, 931 F.2d 453, 455 ("Of course the charges for in-house reproduction may not exceed the charges of an outside print shop")(accord, <u>Haroco v. Am. Nat'l Bank & Trust Co. of Chicago</u>, 38 F.3d 1429, 1441 (7th Cir. 1994)). In addition, though this Court has not currently taken the occasion to research the matter, its general recollection is that the statutory "necessarily obtained" language may limit recovery to copies filed with the court, with all other copies being viewed as having been made for counsel's convenience and thus as nonrecoverable--see, e.g., <u>McIlveen v. Stone Container Corp.</u>, 910 F.2d 1581, 1584 (7th Cir. 1990), quoting <u>EEOC v. Kenosha Unified Sch. Dist. No. 1</u>, 620 F.2d 1220, 1227-28 (7th Cir. 1980).

This Court would appreciate further input on those issues from counsel for either or both sides of this litigation so that it may cause the proper amount to be taxed in City's favor and against plaintiff Daniel Waters.  Citations of any applicable authorities would be welcomed.

                                                */s/ Milton I. Shadur*
                                   _____
                                   Milton I. Shadur
                                   Senior United States District Judge

Date:  October 23, 2009